## CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Steven B. Edwards

v.

Lori Cline Wakefield et al.

March 12, 1997

Case No. (Law) 16571-WS/RW

BY JUDGE RANDOLPH T. WEST

The above-captioned matter was scheduled for trial on March 7, 1997, on the issue as to whether the Release Agreement executed by the plaintiff on September 26, 1990, barred him from pursuing a personal injury claim against Lori M. Cline (now known as Lori Cline Wakefield). As a result of subsequent pleadings, the Court must also determine if the City of Newport News, H. Daniel Snead, and Brenda Bates are properly before the Court.

Counsel requested the Court to make its decision on the documents in the file, which included all interrogatories, counsels' briefs, and transcript of the hearing held before Judge J. Warren Stephens on January 3, 1992.

Steven Edwards was involved in an automobile collision with Lori M. Cline on or about October 18, 1989. Edwards was employed by the City of Newport News and was within the scope of his employment at the time of the accident. As a result of the accident, Edwards received certain injuries and was treated by a physician. Edwards made a claim under the Workers' Compensation Act with the City of Newport News, which was honored. During the time between October 18, 1989, and September 26, 1990, the adjustor for the insurance carrier for the defendant was in touch with Edwards and agents for the City of Newport News, who were making claims for monies paid on behalf of Edwards under the Workers' Compensation Act.

On September 26, 1990, Edwards was called by Bates (agent for the City of Newport News) and advised to report to the City's Risk Management Office

to execute a document in order that the City could recover its claim paid under the Workers' Compensation Act.

Edwards reported to the Risk Management Office and executed the Release in question.

The Release set forth the sum of $5,412.34 as the consideration to discharge Cline and her father, owner of vehicle, from all further claims relating to the accident of October 18, 1989. The actual date set forth in the Release was October 18, 1990, but this mistake has been waived.

The Court finds that the Release executed by Edwards is not valid.

When Edwards executed the Release for the City of Newport News in order that it could be reimbursed, it was void because it was barred by Virginia Code § 65.2-309. However, this is not the only reason this Release is void. There was absolutely no consideration between Cline and Edwards to make this instrument binding. Edwards is entitled to be paid under the Virginia Workers' Compensation Act as a matter of law, regardless of whether there was any liability on Cline. The City would be entitled to recover from the defendant if she were liable to the plaintiff for said payments, but that would be a separate action.

As a result of finding the Release not binding, it necessarily follows that the City of Newport News, Bates, and Snead are not properly before the Court as third-party defendants.